IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

v.

MATTHEW M. PEEPLES,

Defendant.

Case No.:  22-cr-00014-wmc

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

I.      Introduction

The defendant, Matthew Peeples, pretended to be 16-year-boy, pretended to be the boyfriend of a vulnerable 16-year-old girl, repeatedly encouraged her to engage in sexually explicit conduct, filmed that conduct, and sent the images to other girls to get them to engage in similar conduct.  Having been caught and convicted of receiving child pornography, he now faces sentencing by this Court.  The guideline for his offenses is 210-240 months.  For the reasons below, the government believes a sentence of 15 years, followed by twenty years of supervised release, is sufficient but not greater than necessary to reflect the gravity of the defendant's crimes and to meet the other sentencing factors under 18 U.S.C. § 3553(a).

II.     Factual Background

In October 2021, the father of Minor A, age sixteen, reported to law enforcement that in reviewing Minor A's Snapchat messages, he observed images of the family dog performing oral sex on Minor A.  Minor A admitted to law enforcement that she sent inappropriate images and videos to unknown males over Snapchat.  Both Minor A and

her father voluntarily turned over their phones and consented to having law enforcement review the contents of these devices.

The father's cellular telephone contained the Snapchat application associated with Minor A's account.  The user of this account sent a video of a dog licking the groin area of a female to other Snapchat users.  There was also a seventeen-second video depicting a dog licking the groin area of a female on Minor A's phone.  Because this video was found within the Snapchat App, the associated metadata was not available.  However, based on the background seen in the video and her chats with the defendant, law enforcement determined that the female depicted in this video was Minor A.  Additionally, in a forensic interview, Minor A reported engaging in sexual acts with her dog at the direction of the person she knew as "Steve."

The Snapchat app on the father's phone contained conversations between Minor A and the defendant between September 23, 2021, to October 25, 2021.   Within this conversation, Minor A indicated she was from Wisconsin and was sixteen years old.  He said he was too.  The defendant repeatedly asked Minor A to perform sexual acts with her dog.

The defendant then used images of Minor A and her dog to attempt to convince someone else to engage in similar behavior.  (R. 56, ¶ 34).  He also portrayed himself as a 16-year-old boy to obtain explicit images from other minors.  (Id., ¶ 35).  By his own admission, he has been exploiting minors for approximately 10-12 years.  (Id., ¶ 98).

III.     Sentencing Argument

The government requests a below-guideline sentence of 15 years in custody, followed by twenty years of supervised release.  This sentence is sufficient but not greater than necessary to satisfy the purposes of sentencing, as set forth in 18 U.S.C. §

2

3553(a).  Nothing suggests a sentence lower than that is appropriate in this case.

A.      The Nature and Circumstances of the Offense

The defendant used Snapchat to target a vulnerable 16-year-old girl.  He knew how old she was within minutes of the two to of them connecting on Snapchat.  He lied about his age to befriend her and convinced her they were in a romantic relationship.  When Minor A told the defendant she was communicating with others, the defendant told her, "Ass and pussy belong to me alone" and told her to block anybody else who claimed to love her.  And he directed her to livestream sexual activity, both with and without her dog on multiple occasions, telling her, "Ok love.  More with dog."  (R. 56, ¶ 21).  He then distributed sexually explicit images of Minor A in an attempt to get somebody else to create similar images.

The defendant claims Minor A engaged in some of this conduct before she met him.  The victim, however, claimed in her forensic interview that all sexual activity she engaged in with the dog was done at the defendant's direction.  And even if she had engaged in this conduct before the defendant instructed her to, there is no question he encouraged additional conduct, produced images of the conduct, and distributed the images to others.

Even after learning Minor A had been sexually exploited as a young girl and had been placed in foster care, the defendant continued to exploit her.  (R. 56, ¶ 23).  The defendant showed no signs of stopping his behavior as the conversations only end when Minor A's dad reported the conduct to the police and took Minor A's phone.

While the defendant was convicted of one count of receiving child pornography, his conduct occurred numerous times and involved unknown victims in addition to Minor A.  It was not a single isolated event, but rather numerous incidents of

3

production, receipt, and distribution, and a 15-year sentence reflects that.  Anything lower would not.

> B.      The History and Characteristics of the Defendant

As noted above, the defendant lied about his age to repeatedly exploit a sixteen year girl, and he continued exploiting her even after learning she had been abused as a small child.  He also lied about his age in communicating with other girls and getting them to send him sexually explicit images.  He sent an image of a teenage boy he found on the internet to his victim, claiming it was him.

In addition to lying about his age to minors, he initially lied to law enforcement when asked about his pornography habits.  He denied an interest in child pornography and denied knowledge of the Snapchat account he was using to communicate with Minor A.  (R. 56, ¶ 46).

If there are any factors that mitigate the defendant's conduct, they are minimal. His childhood was chaotic, but his grandparents were a stable influence and he always had food and clothing.  He has no criminal history, but that was taken into consideration in the calculation of his criminal history category.  And it is not uncommon for people who assault children to have no criminal history.  *See, e.g., United States v. Oberg*, 877 F.3d 261 (7th Cir. 2017).

Additionally, while the defendant should be thanked and commended for his military service, it should not mitigate his punishment much, if at all.  The military stresses honor and there is nothing honorable about the defendant's conduct in this case.

C.     The Need for the Sentence to Reflect the Seriousness of the Offenses, to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant

A 15-year sentence in this case reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.  The sentence in this case must also constitute a loud message to potential sexual offenders that severe consequences will result from online conduct with minors.

Additionally, 15 years in prison is appropriate given the "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class." *Smith v. Doe*, 438 U.S. 84, 103 (2003).  The fact that the defendant will be subject to restrictions and supervised release when he gets out of prison does not offer any guarantee that he will not offend again.

Finally, the public needs to be protected from the defendant for a long time.  A 15-year sentence will ensure that he cannot victimize any other girls during that time.

D.     The Need to Avoid Unwarranted Sentencing Disparities

A 15-year sentence would also avoid unwarranted disparities and be sufficient but not greater than necessary to accord with the purposes of sentencing under 18 U.S.C. § 3553(a).  Notably, this Court sentenced McKenzie Johnson and David Harris, two defendants who met their victims and exploited them online, to 20 and 15 years respectively.  Like this defendant, there was no hands-on contact in either of those cases.

Of course, what this Court is asked to decide is not what sentence was appropriate in other cases, but what sentence is appropriate for this defendant.  The

examples referenced reinforce that a 15-year sentence is the appropriate sentence in this case.

IV.     Conclusion

The defendant exploited Minor A many times, filmed the exploitation, and distributed the images in an attempt to get other minors to engage in similar conduct. The Government respectfully submits that a 15-year sentence of incarceration followed by twenty years of supervised release, is the appropriate sentence in this case.

Dated:  February 9, 2023

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney


By:        /s/
ELIZABETH ALTMAN
Assistant United States Attorney